IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JESSICA RUSH,

       Plaintiff,

v.                                              Case No. 3:10cv436/MCR/EMT

BELLSOUTH TELECOMMUNICATIONS,
INC., d/b/a/ AT&T FLORIDA,

       Defendant.
_____/

**O R D E R**

Pending before the court is Defendant BellSouth Telecommunications, Inc.'s ("BellSouth's") motion for summary judgment, (doc. 8), which Plaintiff Jessica Rush opposes (doc. 18). The court heard oral argument on the motion on February 1, 2011. Having fully considered the record and the arguments of the parties, the court concludes that summary judgment should be DENIED.

**Background**

Jessica Rush filed a petition for workers' compensation benefits with the state of Florida on May 7, 2010, alleging "exposure to toxic mold, MRSA [methicillin-resistant staphyloccus aureus], and other complications related to 'sick building.'" (Doc. 9-1.) She filed a second petition for workers' compensation benefits on May 12, 2010, with the same allegations but adding May 15, 2008, as the last date of injurious exposure. (Doc. 9-2.) The workers' compensation claims were consolidated. BellSouth responded to the petition for benefits as follows:

> Request for authorization of General Practitioner and attendant care are denied as Claimant's alleged exposure . . . did not occur in the course and scope of her employment and Claimant did not suffer an injury by accident as defined under [Fla. Stat. § 440.02(1)]. Claimant's conditions are personal in nature and longstanding and unrelated to her employment.

(Doc. 9-4.) The workers compensation claims were scheduled for a final hearing before the Judge of Compensation Claims on November 29, 2010. However, prior to the final hearing, Rush filed a notice of voluntary dismissal without prejudice and dismissed the case on September 29, 2010, prior to any determination on the merits of her claims.

Rush commenced the current litigation in state court on September 28, 2010, alleging in pertinent part that she was an employee of BellSouth; she worked in its offices at Garden Street; the Garden Street location had become contaminated by toxic mold and/or MRSA on or before May 7, 2007; she was exposed to the toxic mold continually before and until May 7, 2007; and BellSouth failed to notify her that an outbreak of MRSA had occurred at the Garden Street location. Rush further alleged that BellSouth was negligent in its cleaning, maintenance, and operation of the Garden Street workplace; and that this negligence caused Rush to suffer injury and resulting damages. BellSouth removed the action to this court on October 28, 2010, on the basis of diversity jurisdiction. In its answer, BellSouth admitted that plaintiff was an employee "at certain times relevant to this action" but denied that she was an employee at all times referenced in the complaint. (Doc. 2.) BellSouth now moves for summary judgment on grounds that, to the extent Rush's injuries were caused by an on-the-job accident or toxic exposure, her remedies are limited to those benefits payable under Florida's Workers' Compensation Law, and she should be required to litigate her claims to conclusion in the workers' compensation proceedings before proceeding with her civil action in this court.

**Discussion**

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, "shows that there is no genuine dispute as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Martin v. Brevard County Pub. Sch.*, 543 F.3d 1261, 1265 (11th Cir. 2008). Taking the evidence in the light most favorable to Rush, there are no disputes of material fact relevant to this summary judgment motion. Instead, the partes disagree on the legal significance of Rush's voluntary dismissal of her workers' compensation claims prior to obtaining a ruling on the merits from the compensation claims judge where her

employer, BellSouth, denied the workers' compensation claims on grounds that the injury did not occur in the course and scope of her employment. Because the court's jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332, the legal issues are governed by Florida law. *See State Farm Fire and Cas. Co. v. Steinberg*, 393 F.3d 1226, 1230 (11th Cir. 2004).

Florida's Workers' Compensation Law, Fla. Stat. 440.01, *et seq.*, "'protects workers and compensates them for injuries in the workplace, without examination of fault in the causation of the injury.'" *Feraci v. Grundy Marine Constr. Co.*, 315 F. Supp. 2d 1197, 1204 (N.D. Fla. 2004) (quoting *Gerth v. Wilson*, 774 So. 2d 5, 6 (Fla. 2nd DCA 2000)). "For those who fall within the statute's purview, 'workers' compensation is the exclusive remedy for the accidental injury or death arising out of work performed in the course and the scope of the employment.'" *Id.* at 1204-05 (quoting *Turner v. PCR, Inc.*, 754 So. 2d 683, 686 (Fla. 2000)) (internal alteration omitted). When an employer asserts a defense within the purview of the Workers' Compensation Law, such as a pre-existing injury, the claimant does not have an immediate right to pursue her claim in a tort suit but is obligated to litigate that defense to a conclusion before the workers' compensation judge. *See Tractor Supply Co. v. Kent*, 966 So. 2d 978, 981-82 (Fla. 5th DCA 2007) (citing Fla. Stat. 440.09(1)(b)), *rev. denied*, 980 So. 2d 490 (Fla. 2008). If the claimant instead brings a tort action, the employer may, in an appropriate case, assert workers' compensation immunity as a defense. *Id.* However, this defense is not available if a judge of compensation claims issued a decision that the claim was outside the Workers' Compensation Law, *id.* at 982 (citing *Williams v. Hillsborough County Sch. Bd.*, 389 So. 2d 1218 (Fla. 1st DCA 1980)), or if the employer has taken "clearly irreconcilable positions such as in claiming the incident occurred outside the employment relationship but later claiming otherwise," *id.* at 981 (citing *Byerley v. Citris Publishing, Inc.*, 725 So. 2d 1230 (Fla. 5th DCA 1999).

BellSouth argues that Rush's claims should be decided by the judge of compensation claims before Rush is allowed to bring a claim in civil court, and suggests that Florida law supports this argument, specifically the case of *Tractor Supply Co. v. Kent*, 966 So. 2d 978, 981-82 (Fla. 5th DCA 2007). In *Kent*, the Fifth District Court of Appeal

held that the trial court erred when it struck an employer's affirmative defense of workers' compensation immunity to a tort suit where the employer had previously – in the workers' compensation case – denied benefits on the basis of a pre-existing medical condition. *See Kent*, 966 So. 2d at 982. Noting that a pre-existing medical condition defense is a statutorily authorized defense to a claim properly filed in workers' compensation; that is, it is *within* the purview of the workers' compensation scheme, the court reasoned that the plaintiff's relief was limited to worker's compensation and thus the employer was entitled to immunity.[1] *See id.*

In reaching its decision in *Kent*, the court recognized that in enacting Florida's Workers' Compensation Law the legislature had intended to create a process for "the quick and efficient delivery of disability and medical benefits to an injured worker." *Id.* Bellsouth urges this court to read this statement as an indication by the *Kent* court that employees in Florida must exhaust their claims before a worker's compensation judge before filing suit in civil court. Bellsouth makes far too much of this language. Nothing in *Kent*, or any other Florida case for that matter, even remotely stands for the proposition urged by Bellsouth. The above language was relevant to the *Kent* decision only because the court had first determined that the employer was entitled to raise a worker's compensation immunity defense to the plaintiff's claim. Reasoning that the pre-existing medical condition defense raised by the employer in the worker's compensation case was a statutorily recognized defense; i.e within the purview of worker's compensation, and thus not inconsistent with the later-raised immunity defense, the employer should not have been precluded from raising the immunity defense in the civil action. *Id.* at 982. Importantly, the *Kent* court distinguished those cases in which the employer asserts in the workers' compensation proceedings that the accident was not within the course and scope of employment, explaining that in such cases the employer is estopped from later raising a workers' compensation immunity defense in the civil action based on the irreconcilably inconsistent position taken before the worker's compensation court. *See id.* at 979-81; *see also*

---

[1] The plaintiff in *Kent* argued in the civil action that the defendant should be estopped from raising an immunity defense because it raised a defense to the worker's compensation claim.

*Coastal Masonry, Inc. v. Gutierrez*, 30 So. 3d 545, 547 (Fla. 3d DCA) ("[A]n employer may be equitably estopped from raising a workers' compensation exclusivity defense if the employer denies the employee's claim by asserting that the injury did not occur in the course and scope of his or her employment."), *rev. denied*, 44 So. 2d 581 (Fla. 2010); *Byerley*, 725 So. 2d at 1232. Only after effectively concluding that the employer was entitled to immunity (the immunity defense was not irreconcilably inconsistent with the pre-existing condition defense raised before the workers' compensation court) did the *Kent* court conclude that the employee had "jumped the gun" in filing suit. *Kent*, 966 So. 2d at 982.

  This case falls squarely within the circumstances deemed distinguishable by *Kent*. Here, BellSouth – in the workers' compensation setting – denied that the claim was within the course and scope of Rush's employment. In so doing, BellSouth took the position that the Workers' Compensation Law was inapplicable to the plaintiff's claim. As explained in *Kent*, that is different from asserting a statutorily-based defense to a worker's compensation claim, such as the pre-existing medical condition defense at issue in *Kent*, which is within the purview of the workers' comp scheme and must be litigated there. Thus, BellSouth's argument that *Kent* supports the proposition that Rush should be required to litigate her claim to completion before the worker's compensation court is incorrect.

  BellSouth has presented no authority, either in case law or statute, that would require Rush to litigate her claims to a conclusion before the workers' compensation claims judge (as opposed to this court) in the absence of a ruling on Bellsouth's immunity defense, which Bellsouth stresses is not before the court at this time. Indeed, on the present motion, BellSouth presents only a policy argument that the workers' compensation process provides the most efficient forum for resolving plaintiff's claim. Policy decisions, however, are for the legislature, not the courts.

Case No. 3:10cv436/MCR/EMT

Accordingly, BellSouth's motion for summary judgment is **DENIED**.

**DONE and ORDERED** this 17th day of February, 2011.

        *s/ M. Casey Rodgers*
        **M. CASEY RODGERS**
        **UNITED STATES DISTRICT JUDGE**